IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROOSEVELT WILLIAMS,

                Plaintiff,

    v.                                                                             ORDER

KIM CARL, LUCAS WOGERNESE,                              16-cv-584-jdp
and TIM ZIEGLER,

                Defendants.

---

Plaintiff Roosevelt Williams, a prisoner incarcerated at Waupun Correctional Institution, alleges that prison officials at Columbia Correctional Institution failed to provide him with medical treatment for his gout, forced him to use a top bunk even though it caused him pain, and retaliated against him for complaining about these and other issues when he was housed there. Plaintiff has filed several motions, all of which I will deny for the reasons stated below.

**A. Discovery motions**

Williams has filed a document he calls a motion to compel discovery, asking defendants to produce various documents. Dkt. 59. Defendants respond that they did not receive any previous discovery requests from Williams, nor did Williams attempt to confer with them. Dkt. 63. They interpret his motion as a mistaken attempt at requesting discovery. From Williams's briefs and letters following up on the issue, I take him to be saying that he did not receive defendants' opposition brief and that he indeed asked for discovery in conjunction with his motion for summary judgment, Dkt. 45. He also asks for entry of default judgment against defendants for their failure to respond to his discovery requests and motion. *See* Dkt. 68 and Dkt. 75.

The problem for Williams is that he does not include any formal discovery requests that he contends he sent to defendants, other than a document included with his summary judgment motion, titled "'Truth Testing' Discovery of State Prison Defendants." Dkt. 50. This appears to be a cover letter associated with requests for production of documents: Williams states "please find herewith, the original draft of this Rule 34 discovery of documents." *Id.* at 1. But the docket entry does not include attached discovery requests. I will deny Williams's motion to compel because he has not shown that he actually addressed requests for production of documents to defendants before filing the motion to compel. And I'll deny his motion for default judgment. However, defendants should treat the motion to compel as Williams's discovery requests and respond to them promptly.

Williams has filed a motion for issuance of a subpoena ordering Columbia Correctional Institution to produce video footage of several medication-pass incidents in which Williams says that defendant Carl would not let him leave his cell for treatment. Dkt. 62. I will deny this motion, at least for now, because there is no reason to think that Williams needs to subpoena a third party to obtain this footage, if it indeed exists. Prisoners ordinarily make this type of request directly to the defendants. Defendants should respond to Williams's motion as if it were a request for production of the footage.

Williams filed a second motion for issuance of subpoena aimed at defendants to force them to filed a response to his summary judgment motion. Dkt. 71. But that isn't a proper use of a subpoena so I will deny his motion. Defendants' summary judgment response deadline is governed by this court's orders. The deadline stands at October 25, 2019, after Magistrate Judge Stephen Crocker's order granting defendants a two-month extension of their time to file a response, to match the dispositive motions deadline. *See* Dkt. 56. Williams asks for

reconsideration of the decision extending that deadline. *See* Dkt. 77. But it's relatively commonplace for this court to grant a party's motion for extension of time to brief a summary judgment motion where it doesn't otherwise interfere with the court's schedule; in fact the court granted Williams's own motion for a similar extension in the '789 case. *See* Dkt. 163 in the '789 case. I see no reason to reconsider Magistrate Judge Crocker's decision; I'll issue a ruling on both sides' summary judgment motions when they are fully briefed.

**B. Recruitment of counsel**

Williams has filed two motions renewing his request for the court's assistance in recruiting him counsel. Dkt. 69 and Dkt. 78. I denied Williams's previous requests in part because he not provided the names of three attorneys who turned down his requests for assistance. *See* Dkt. 11, at 6–7; Dkt. 26, at 2–3. Williams has now provided those names, so he has met this part of the test.

Even so, I will deny Williams's renewed motions for another reason I mentioned in my previous denials. I am not convinced that the legal and factual difficulty of the case exceeds his ability to prosecute it. Williams says that he has a third-grade education level, that it is difficult for him to litigate the case as an indigent prisoner, and that the case may involve complex medical issues. But Williams's relative lack of education and litigation abilities are relatively common among prisoner plaintiffs in this court and are not themselves enough to distinguish Williams from dozens of other inmates seeking assistance from a limited pool of potential lawyers. Williams has already litigated two cases through summary judgment in this court, *see Williams v. Fry*, No. 15-cv-212-jdp, 2017 WL 1194721 (W.D. Wis. Mar. 30, 2017); *Williams v. Musha*, No. 14-cv-789-jdp, 2019 WL 1385744 (W.D. Wis. Mar. 27, 2019). Although Williams lost those cases, his filings in those lawsuits and this one persuade me that

3

Williams is capable of presenting his case. And at this point, I cannot tell whether this case will boil down to complex medical issues. Williams contends in part that defendants wouldn't let him leave his cell to get medical treatment, which is an issue that could be resolved without complex medical testimony. So I will deny Williams's motions for the assistance of counsel, although I will revisit the issue if summary judgment briefing shows that counsel is necessary.

**C. Deposition**

Another of the reasons that Williams says he needs counsel is that defendants have told him that they want to depose him. Williams wants the court to enter an order extending this time to respond to defendants' notice of deposition to after the late October dispositive motions deadline. I'll deny this motion because Williams give no reason to postpone a deposition, besides the lack of counsel. But I am denying his motions for recruitment of counsel and there is no reason to think that a deposition will be too complex for Williams to handle on his own. To sit for a deposition, Williams does not need to have a knowledge of the law or make complex legal arguments. He simply needs to answer defendants' questions and tell his side of the story.

I note that defendants have not yet asked for leave to take Williams's deposition, as required under Federal Rule of Civil Procedure 30(a)(2)(B). But this court routinely grants such requests, so I will grant defendants leave to depose Williams.

ORDER

IT IS ORDERED that:

1. Plaintiff Roosevelt Williams's motion to compel discovery, Dkt. 59, is DENIED.
2. Plaintiff's motion for default judgment, Dkt. 68 and Dkt. 75, is DENIED.

3. Plaintiff's motions for issuance of subpoenas, Dkt. 62 and Dkt. 71, are DENIED.

4. Plaintiff's motion for reconsideration of the court's order granting defendants a two-month extension of their time to file a response to Williams's motion for summary judgment, Dkt. 77, is DENIED.

5. Plaintiff's renewed motions for the court's assistance in recruiting him counsel, Dkt. 69 and Dkt. 78, are DENIED.

6. Plaintiff's motion for an extension of time to respond to defendants' notice of deposition, Dkt. 77, is DENIED.

7. Defendants are granted leave to depose plaintiff.

Entered October 7, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge